**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equity Recovery Specialists LLC, | No. CV-21-01889-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Select Portfolio Servicing Incorporated, et al., | |
| Defendants. | |

Plaintiff has filed two written discovery motions. (Docs. 42, 43). These motions are procedurally improper for a host of reasons.

First, pursuant to the Court's case management order, the parties "shall not file written discovery motions without leave of the Court." (Doc. 35 at 4.) No such leave was granted here. The case management order sets forth the Court's procedure for when a discovery dispute arises. (Id. at 4-5.) This procedure is mandatory.

Second, the Court's case management order states that "[a]bsent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery" and notes that "[d]elay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines." (*Id.* at 5.) The prohibited motions were filed at 9:47 and 9:58 p.m. on the last day of the discovery period. Clearly, the motions could not be briefed and resolved until after the deadline for completion of fact discovery.

Third, even if Plaintiff had been permitted to file discovery motions, the motions

here would be improper for another reason. Under LRCiv 7.2(j), "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter." Here, the motions are not accompanied by the required certificates.

Accordingly,

**IT IS ORDERED** that the motions (Docs. 42, 43) are stricken.

Dated this 9th day of January, 2023.

> Dominic W. Lanza
> United States District Judge